RUSSEL IMMIGRATION LAW FIRM
Ron Russell
1012 South Fourth St.
Louisville, KY 40203
Telephone: (502) 587-7791
Fax: (502) 587-7705
Email: rrussell@russellimlaw.com

06 SEP 21 AM 11: 52

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Subir Roy CHOWDHURY )<br>)<br>Plaintiff/ Petitioner )<br>)<br>vs. )<br>)<br>Alberto GONZALES, Attorney General; )<br>Michael CHERTOFF, Secretary, the )<br>Department of Homeland Security; )<br>Eduardo AGUIRRE, Director, United )<br>States Citizenship and Immigration Services;)<br>M. Stella JARINA, District Director, New )<br>Orleans District Office, United States )<br>Citizenship and Immigration Services; )<br>UNITED STATES CITIZENSHIP )<br>AND IMMIGRATION SERVICES )<br>)<br>Defendants )<br>) | Case No. 3:06 MC-33-C<br><br>PETITION FOR HEARING ON<br>NATURALIZATION<br>APPLICATION |

I. **INTRODUCTION**

1. This action is brought by Plaintiff, Subir Roy Chowdhury, a lawful permanent resident who applied for naturalization to become a citizen of the United States on August 13, 2004, was examined by the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE ("USCIS") on January 26, 2005, and is

1

eligible for naturalization. Petitioner wishes to enjoy the range of benefits that are accorded citizens of the United States, but due to unreasonable and irrational delays caused by Defendants, has not been sworn in as a citizen of the United States.

2. Plaintiff is trapped in naturalization limbo. He has suffered grievously as a result of these delays. He has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States equal to that granted to citizens; political rights, including the right to vote; the right to enter and remain in the United States; freedom of movement and travel; the right to obtain a United States Passport; and the protections of the United States government when outside the United States. He has also been subjected to the uncertainty engendered by the inability to obtain citizenship; the inability to travel and carry out necessary activities, out of concern he may miss a long delayed naturalization interview; the inability to file visa petitions for immediate relatives as a United States Citizen; and the loss or threatened loss of life sustaining benefits.

3. INA Section 336(b), 8 U.S.C. § 1447(b), provides for judicial review for stalled naturalization petitions for individuals who have not been sworn in as citizens within one-hundred and twenty (120) days after the date of examination.

4. Petitioner, was examined on January 26, 2005. The service has failed to adjudicate his application within the statutory timeframe of one-hundred and twenty (120) days after the examination.

5. Plaintiff requests the following judicial relief pursuant to INA Section 336(b), 8 U.S.C. § 1447(b):

   a. An adjudication of the Plaintiff's naturalization application in court or by the Court and swearing in of the plaintiff; or in the alternative,

   b. A remand to USCIS for immediate adjudication with "appropriate instructions to the Service to determine the matter," *id.*, including declaratory judgment that petitioner is prima facially eligible for naturalization. *See Gatcliffe v. Reno*, 23 F.Supp.2d 581, 582-583 (D.V.I. 1998); *See In re Cruz*, 15 I&N Dec. 236, 237 (BIA 1975).

   c. Equal Access to Justice Act attorney fees.

**II.   JURISDICTION AND VENUE**

6. This court has jurisdiction pursuant to INA Section 336(b), 8 U.S.C. § 1447(b); and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This court has exclusive jurisdiction over Plaintiff's naturalization application, and USCIS no longer maintains any authority to decide the case. INA § 336(b); 8 U.S.C. § 1447(b); *See Al Saidi v. Jenifer*, 2005 U.S. Dist. LEXIS 35466, Case no. 05-71832 (E.D. MI 2005)(J. Hood) (Held that district court retained exclusive jurisdiction over INA § 246 naturalization petition notwithstanding subsequent denial by the agency); *See United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004)(en banc).

8. The aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202 authorizing a declaratory judgment.

9. Venue is properly in this court pursuant to 28 U.S.C. § 1391(b) and (e)(1), (2) and (4), because acts complained of occurred in this district, Plaintiff resides in this district, and Defendants have offices in this district.

10. Cost and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. 504, 28 U.S.C. § 2412(d).

### III. PARTIES

**A. Plaintiff**

11. The Plaintiff Subir Roy CHOWDHURY (A# 027401338), is a resident of this judicial district and a lawful permanent resident of the United States. He is an applicant for naturalization.

**B. Defendants**

12. Defendant ALBERTO GONZALES, is the Attorney General of the United States and is sued in his official capacity only. The Immigration and Nationality Act confers on the Attorney General the "sole authority to naturalize citizens of the United States." INA § 310, 8 U.S.C. § 1421.

13. Defendant MICAHAEL CHERTOFF is the Secretary of the Department of Homeland Security and is sued in his official capacity only. Defendant CHERTOFF is charged with the administration of the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE and implementation of the Immigration and Nationality Act, INA §§ 101, et seq., 8 U.S.C. §§ 1001, et seq.

14. Defendant EDUARDO AGUIRRE, JR. is the Director of the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE and is sued in his official capacity only. Defendant AGUIRRE is charged with the direction of the

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, a bureau within the Department of Homeland Security, and implementation of the Immigration and Nationality Act, INA §§ 101, et seq., 8 U.S.C. §§ 1001, et seq.

15. Defendant M. Stella JARINA is the Director of the Louisville District Office of the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, and is sued in her official capacity only. Defendant JARINA is charged with the direction of the Louisville District Office of the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE and implementation of the Immigration and Naturalization Act, INA §§ 101, et seq., 8 U.S.C. §§ 1001, et seq.

16. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE is a bureau of the Department of Homeland Security and its officers and employees are charged with the implementation of the INA.

**IV.  Facts**

17. Plaintiff, Sudir Roy CHOWDHURY (A# 027401338), is a citizen of India.

18. Plaintiff was born on November 24, 1960.

19. Plaintiff was lawfully admitted for permanent residence on September 6, 2001.

20. Plaintiff resides in Louisville, Kentucky.

21. Plaintiff has been a continuous resident of the United States for three years following being admitted as a lawfully admitted permanent resident and preceding the date of filing his naturalization application and during the three years immediately proceeding the application date has been living in marital union with

the citizen spouse, who petitioned for plaintiff's status as lawful permanent resident. INA § 319(a), 8 U.S.C. § 14230(a).

22. Plaintiff has resided for more than three months in the state where the petition was filed. *Id.*

23. Plaintiff has been physically present in the United States for at least half of the requisite period. *Id.*

24. Plaintiff has resided continuously in the United States from the date of filing his application. INA § 316(a)(2), 8 U.S.C. § 1427(a)(2).

25. Petitioner is a person of good moral character for the five years proceeding filing his application. INA § 316(a)(3), 8 U.S.C. § 1427(a)(3)

26. Prior criminal convictions against plaintiff are outside the five-year period for determining good moral character. *Id.*

27. Plaintiff is attached to the constitution and laws of the United States.

28. Plaintiff has registered with the selective service.

29. Plaintiff applied for naturalization on August 13, 2004. A copy of his naturalization application is attached as Exhibit 1 and is incorporated by this reference. Also the I-797, Notice of Action, dated August 19, 2004, verifying receipt of the application is attached as Exhibit 2 and is incorporated by this reference.

30. At the request of the USCIS, plaintiff attended a biometrics appointment at the USCIS office located in Louisville, Kentucky on September 20, 2004. Exhibit 3.

31. Plaintiff's naturalization interview (examination) was conducted by the USCIS in Louisville on January 26, 2005. Exhibit 4.

32. Plaintiff satisfies all requirements for naturalization pursuant to INA § 316, 8 U.S.C. § 1427.

33. Plaintiff's naturalization application has been pending for more than one-hundred and twenty days after the initial examination.

**V.     First Claim for Relief:**

This court has jurisdiction over plaintiff's stalled naturalization application

34. Plaintiff herby incorporates by reference paragraphs 1-33 of this complaint as though fully set forth herein.

35. INA Section 336(b), 8 U.S.C. § 1447(b), provides for judicial review for stalled naturalization applications:

> If there is a failure to make a determination under [INA] § 335 [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section [i.e. the applicant's interview with the CIS], the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

The examination referred to is the initial interview scheduled under 8 U.S.C. § 335.2. *Al Saidi*, 2005 U.S. Dist. LEXIS 35466; *Hovsepian*, 359 F.3d at 1164.

36. Defendants have a non-discretionary duty to complete the processing of naturalization applications in a reasonable time.

37. Defendant's have failed to adjudicate Plaintiff's naturalization application within the statutory deadline of one-hundred and twenty days after the initial interview.

**VI.    Second Claim for Relief:**

Plaintiff is eligible for naturalization

38. Plaintiff hereby incorporates by reference paragraphs 1-33 of this complaint as though fully set forth herein.

39. INA Section 316 provides the eligibility requirements for naturalization.

40. Because Plaintiff meets all the eligibility requirements of INA section 316, he is eligible for naturalization.

### VII.   Requests for Relief

Plaintiff prays that this Court –

A. Assume jurisdiction of this cause;

B. Adjudicate Plaintiff's naturalization application (N-400), or in the alternative, remand the N-400 to USCIS for immediate adjudication, "with appropriate instructions to the Service to determine the matter[,]" *See* INA § 336(b), 8 U.S.C. § 1447(b), including declaratory judgment that plaintiff is prima facially eligible for naturalization;

C. Grant plaintiff's petition to be sworn in as a citizen of the United States;

D. Award Plaintiff his costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and

E. Issue such further relief as Plaintiff may seek or the Court deems just and proper.

Dated: September 21, 2006                                          Respectfully Submitted,

*[signature]*
Ron Russell
Attorney for Plaintiff

## Certificate of Service

On September 21, 2006, I, Ron Russell, the undersigned, served the within:

Petition for Naturalization Hearing

on each person/entity listed below addressed as follows:

**By regular mail:**

Alberto Gonzales
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Michael Chertoff, Secretary
U.S. Department of Homeland Security
Washington, DC 20528

Eduardo Aguirre, Director
U.S. Citizenship and Immigration Services
United States Department of Homeland Security
20 Massachusetts Avenue, N.W. Room 4025
Washington, DC 20536

Stella Jarina, District Director
New Orleans District Office
U.S. Citizenship and Immigration Services
2424 Edenborn Avenue, Suite 300 (3rd Floor)
Metairie, LA 70001

Office of the Chief Counsel
U.S. Citizenship and Immigration Services
United States Department of Homeland Security
20 Massachusetts Avenue, N.W. Room 4025
Washington, DC 20536

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 21, 2006 at Louisville, Kentucky.

_____
Ron Russell